1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY L. WILSON,<br><br>          Plaintiff,<br><br>     v.<br><br>JOSEPH LEHMAN,<br><br>          Defendant. | Case No. C04-5811RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**JUNE 24th, 2005** |

   This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss.  (Dkt. # 15).  The defendant argues this action is barred by a running of the statute of limitations.  (Dkt. # 15). Defendant also argues the action is barred by the doctrine of favorable termination.  The court concludes the case is barred by a running of the statute of limitations.

   A late response was filed.  The response was received only one day before the noting date. While this allows no time for a reply the court has considered the document.  Plaintiff argues that all statute of limitations earned early release cases were consolidated by Judge Strombom in Peckham v. Lehman, C04-5720FDB/ JKA/[KLS].  The court has reviewed the file in Peckham and finds no such

REPORT AND RECOMMENDATION - 1

order. Further, the court would have been surprised to find such an order in Peckham. Peckham is assigned to Magistrate Judge J. Kelley Arnold. Plaintiff also puts a footnote in this section of the argument citing to Chaney *et al.* v Lehman, C04- 5881FDB/JKA. Plaintiff indicates the class in Chaney includes "all former present and future inmates who were kept past their EERD." Plaintiff is in error. The court takes judicial notice of the complaint filed in Chaney *et al.* v Lehman, C04- 5881FDB/JKA. The complaint in that case page 1 numbered paragraph 1 states:

> Plaintiffs are individuals who were subjected to cruel and unusual punishment and denied their constitutional rights to liberty and equal protection, which were denied without due process of law **at some time during the three year period immediately prior to the commencement of this action** by Defendant, who was acting under color of state law at the time of such constitutional violations.

Chaney *et al.* v Lehman, C04- 5881FDB/JKA (Dkt. # 1)(emphasis added). Thus, by the terms of the complaint the class only goes back three years from December 22nd, 2004. Plaintiff in this case was released on July 21st, 1997. (Dkt. # 15 Exhibit 1 Attachment A). Plaintiff's arguments are without merit or basis in fact. Having reviewed the file the undersigned recommends that this action be **DISMISSED AS TIME BARRED**.

## FACTS

Plaintiff was an inmate. Plaintiff alleges he had an earned early release date some time in 1996. (Dkt. # 5). The records submitted by the Defendant show an earned early release date of August 21st, 1996. (Dkt. # 15 Exhibit 1 attachment 1). Plaintiff was not released by the Department of Corrections until July 21st, 1997. Plaintiff alleges he was not released until March 1998. Even using plaintiff's later date it was well over three years from the date of release until the filing of this action.

This action was not filed until December 1st, 2004. (Dkt. # 1). Plaintiff filed this action claiming the Secretary of the Department of Corrections is liable for holding him past his earned early release date. (Dkt. # 5).

## DISCUSSION

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights act is used. Usually this is a states

REPORT AND RECOMMENDATION - 2

personal injury statute. In Washington a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). Plaintiff was first aware he was being held past his earned early release date on August 21st, 1996 when he was not released. He could not file a civil rights action at that time as he would have been challenging fact or duration of confinement. Heck v. Humphrey, 512 U.S. 477 (1994). The alleged violation was ongoing until July 21st, 1997 when he was released. Plaintiff claims he was not released until March 1998. Even using the later date. Plaintiff had until March 2001 to file an action. This action was commenced on December 1st, 2004 when plaintiff filed a motion for *in forma pauperis* status and lodged a proposed complaint. (Dkt. # 1). The statue of limitation had run over 3 years earlier.

A court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Plaintiff knew all the facts needed to file this action and was able to file on July 21st, 1997. He failed to file within the three year time period. Accordingly, this action is time barred and should be **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons outlined above the undersigned recommends **DISMISSAL WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND RECOMMENDATION - 3

Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 24th, 2005**, as noted in the caption.

DATED this 27th day of May, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4